UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM ENGLAND, ) | 3:14-cv-00189-MMD-WGC |
| ) | |
| Plaintiff, ) | **MINUTES OF THE COURT** |
| ) | |
| vs. ) | April 28, 2015 |
| ) | |
| ISIDRO BACA, et al. ) | |
| ) | |
| Defendants. ) | |

PRESENT:   THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   KATIE LYNN OGDEN   REPORTER:   NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

**Motion to Compel (Doc. # 25)**

Before the court is Plaintiff's Motion for an Order Compelling Discovery. (Doc. # 25.) Defendants have responded. (Doc. # 26.) No reply was filed.  Plaintiff's motion did not attach the discovery responses to which he has an objection.  Local Rule 26-7(a), which provides that "All motions to compel discovery or for protective order shall set forth in full the text of the discovery sought and the response thereto, if any."

Plaintiff motion pertains to four questions contained in his Request for Production wherein he sought production of certain information from Defendants Stogner, Walsh, Baca and Dreesen concerning Ramadan and certain Islamic religious activities.  Plaintiff states he served his first request for production of documents on January 20, 2015, and not having heard from Defendants, sent a letter to counsel for the Defendants on February 17, 2015. (Doc. # 25 at 1-2.)  Plaintiff followed up his request with a letter to counsel seeking the exact same information on February 17, 2015 (*id.*, at 3). Plaintiff produced a copy of his discovery request (*id.*, at 4-6) and his February 17 letter (*id.*, at 7-9.) Plaintiff now seeks sanctions be entered for Defendants' refusal to answer his discovery. (*Id.*, at 3.)

///

MINUTES OF THE COURT
3:14-cv-00189-MMD-WGC
Date: April 28, 2015
Page 2

Defendants' opposition argues that although Plaintiff's discovery was dated January 20, 2015, Defendants did not receive the discovery until February 23, 2015, and that three days later on February 26, 2015, they received Plaintiff's letter concerning the status of his discovery. (Doc. # 26 at 1.) Defendants state this is documented by Exhibit A, a copy of Plaintiff's discovery, date stamped "Feb. 23, 2015" and Exhibit B, Plaintiff's letter, date stamped Feb. 26, 2015, which was attached to Defendants's opposition. Defendants submit they wrote to Plaintiff requesting a thirty day extension to provide responses from February 23, 2015, but did not receive any objection to such from Plaintiff. Defendants state they provided their responses on March 17, 2015. (*Id*., at 1-2; Exhibits A, B and C (*id.,* at 26-1).)

Plaintiff did not file a reply to his motion. Because neither the Plaintiff nor the Defendants submitted a copy of their responses to the requests for production, the court is unclear what exactly it is that Plaintiff disputes. In accordance with Local Rule 26-7(a), Plaintiff's motion to compel (Doc. # 25) is **DENIED.**

**Motion for Depositions (Doc. # 27)**
Also before the court is Plaintiff's Motion for Depositions. (Doc. # 27.) Plaintiff seeks to depose Defendants Isidro Baca, Frank Dreesen, James Stogner and Lisa Walsh. (*Id.,* at 1.) The Defendants have filed a limited objection. (Doc. # 28.) Defendants state they have no opposition to Plaintiff conducting depositions. However, to the extent Plaintiff may be seeking to have the Defendants or the Office of the Attorney General incur the expense or otherwise facilitate Plaintiff's depositions, Defendants state it is not their responsibility to do so. (*Id.* at 1-2.)

Plaintiff represents he is submitting the motion for depositions "because [the defendants] have not been forthright in my request for production of document." (*Id.*) Although Plaintiff admits the Defendants produced documents responsive to his requests, he states the Defendants refused to produce "any and all documents Plaintiff have requested in order for him to start his Interrogatories." Plaintiff submits the scheduling order may also need to be adjusted. Therefore, the court also interprets Plaintiff's motion for depositions as a motion for an extension of the discovery deadline.

With regard to the component of Plaintiff's motion pertaining to taking depositions, Plaintiff's motion - submitted after the discovery deadline has expired – is untimely. Under Fed. R. Civ. P. 30, Plaintiff does not need leave of court to notice depositions. However, Plaintiff would also have to satisfy other requirements of the Rule, such as serving a subpoena with the appropriate witness fees and expenses and arranging for a time and place for the depositions, logistics for which would probably have to be coordinated with the Nevada Department of Corrections. The component of Plaintiff's motion (Doc. # 27) which seeks an order for depositions is **DENIED.**

///

**MINUTES OF THE COURT**
3:14-cv-00189-MMD-WGC
Date:  April 28, 2015
Page 3

      With regard to the discovery deadline issue, the court's Scheduling Order established a deadline of April 6, 2015; any motions to extend the discovery deadline were to be received not less than twenty (20) days before the deadline. (Doc. # 20.) Plaintiff's motion is dated April 7, 2015, the day after the deadline for completion of discovery and about three weeks after the deadline for requesting an extension of the discovery deadline.  Other than the depositions Plaintiff now seeks to take, Plaintiff does not set forth what discovery remains which he was unable to complete and why it was not completed.  To the extent Plaintiff's motion may be interpreted as a request to extend the discovery deadline, Plaintiff's motion (Doc. # 27) is **DENIED WITHOUT PREJUDICE.**

      **IT IS SO ORDERED.**

                                                                           LANCE S. WILSON, CLERK

                                            By:  _____/s/_____
                                                       Deputy Clerk