1
2
3
4
5                    UNITED STATES DISTRICT COURT
6                         DISTRICT OF NEVADA
7                                * * *
8   WILLIAM ENGLAND,                    Case No. 3:14-cv-00189-MMD-WGC
9                         Plaintiff,    ORDER ACCEPTING AND ADOPTING
                                        REPORT AND RECOMMENDATION OF
10       v.                             MAGISTRATE JUDGE
    ISIDRO BACA, et. al.,               WILLIAM G. COBB
11
                         Defendants.
12

13  **I.      SUMMARY**

14          Before the Court is the Report and Recommendation of United States Magistrate

15  Judge William G. Cobb (dkt. no. 48) ("R&R") relating to Defendants' Motion for Summary

16  Judgment ("Motion") (dkt. no. 36). The Court has reviewed Plaintiff's objection (dkt. no.

17  52) and Defendants' response (dkt. nos. 53). The Court accepts and adopts the R&R in

18  full.

19  **II.     BACKGROUND**

20          Plaintiff is an inmate in the custody of the Nevada Department of Corrections

21  ("NDOC"). He is proceeding *pro se* in this action brought pursuant to 42 U.S.C. § 1983

22  and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). The

23  Court permitted Plaintiff to proceed on two claims under the First Amendment's Free

24  Exercise Clause and RLUIPA. Plaintiff's allegations and Defendants' responses are

25  explained in detail in the R&R, which this Court adopts. (Dkt. no. 48 at 2, 6-8.)

26  **III.    LEGAL STANDARD**

27          This Court "may accept, reject, or modify, in whole or in part, the findings or

28  recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party

timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). In light of Plaintiffs' objections, the Court has engaged in a *de novo* review to determine whether to adopt Magistrate Judge Cobb's recommendation. Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).  Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

## IV.    DISCUSSION

The Magistrate Judge recommends granting Defendants' Motion, as follows: (1) claims for damages under RLUIPA; (2) claims for damages against Defendants in their official capacities; (3) claims for injunctive relief under RLUIPA because Plaintiff's transfer has rendered the conditions alleged in the Complaint moot; and (4) claims under the Free Exercise Clause. (Dkt. no. 48.) Plaintiff's objection addresses the Magistrate Judge's recommendation as to the claims under the Free Exercise Clause. The Court has reviewed the R&R and agrees with the Magistrate Judge's recommendations.

Plaintiff's Free Exercise Clause claims are based on Defendants' decision in July 2013 to deny: (count I) Plaintiff access to the chapel, gym or activity room nightly for the

thirty days of Ramadan for the reading of the Quran and the breaking of the evening fast; and (count II) Plaintiff and other inmates the opportunity to participate in their Islamic Eid al-Fitr feast according to Islam law even though Defendants initially approved such participation and Plaintiff and other inmates spent their money preparing for the feast.  (Dkt. no. 4 at 4, 11-12; dkt. no. 52 at 3.)

In the R&R, the Magistrate Judge thoroughly recited the parties' respective arguments and analyzed the factors under *Turner v. Safley,* 482 U.S. 78 (1987) to determine whether deference should be afforded to prison officials and whether the reasons offered for denying Plaintiff's requests as alleged in counts I and II are reasonably related to legitimate penological interests. (Dkt. no 48 at 6-13.) Plaintiff argues that Defendants' claim of security concern should not be given deference because those security concerns existed before Defendants Baca and Stogner were placed in their position. (Dkt. no. 52 at 2.) Defendants have offered undisputed evidence of procedural changes made in 2013 and 2014 to allow inmates to participate in the celebration of Ramadan and the Eid al-Fitr feast. (Dkt. no. 36-1 at 2-3.) They have also offered evidence that accommodating Plaintiff's request to congregate nightly in the evening for group reading of the Quran and breaking of the evening fast for about 40 inmates would present security concerns because of reduction of staffing in the evening, the chaplain's normal work hours would have to be modified to supervise the religious services of faith groups that do not have an approved outside sponsor but doing so would affect the services of other faith groups, and diverting the staff needed to overseeing the nightly gathering for thirty days would paralyze the remainder of the yard. (*Id.* at 3-4.)

Having reviewed the R&R, the briefs relating to Defendants' Motion and Plaintiff's objection, the Court agrees with the Magistrate Judge's well reasoned analysis and recommendations.  The Court will therefore adopt the R&R.

///

///

## V.    CONCLUSION

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (dkt. no. 48) be accepted and adopted in full.

It is further ordered that Defendants' Motion for Summary Judgment (dkt. no. 36) is granted.

The Clerk is directed to enter judgment in favor of Defendants and close this case.

DATED THIS 25th day of March 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

4